IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY a/s/o WINCHESTER-THURSTON SCHOOL, | ) ) ) ) No. 2:24-cv-1569 ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DREAMERSHOP TRADE LIMITED, | ) ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

### **J. Nicholas Ranjan, United States District Judge**

Within the parties' recent joint status report is a *nunc pro tunc* request by Plaintiff Philadelphia Indemnity Insurance Company to extend the due date for jurisdictional discovery, which the Court construes as a motion for the same. ECF 23. Defendant Dreamershop Trade Limited has responded in opposition, ECF 25, and Philadelphia Indemnity has replied, ECF 27, so the matter is ready for resolution. After careful consideration, for the reasons below, the Court will deny Philadelphia Indemnity's motion.

Some important background: on March 18, 2025, the Court held oral argument on Dreamershop's motion to dismiss for lack of personal jurisdiction. ECF 20. Finding it a close call, the Court denied the motion without prejudice and granted Philadelphia Indemnity's request for limited jurisdictional discovery. ECF 22. The Court ordered the discovery to "be completed by no later than" May 17, 2025, and further ordered the parties to file a joint status report by May 20, 2025, "updating the Court on the status of the case." *Id.*

The parties timely filed the joint status report on May 19, 2025. ECF 23. In the report, the parties explained that Philadelphia Indemnity "was delayed in propounding its discover[y] requests" until May 15, 2025, two days before discovery was to be completed, and so Philadelphia Indemnity requested a 30-day extension to complete discovery. *Id.* Dreamershop opposed the extension, arguing that no good cause existed to extend the deadline. ECF 25. The Court thus permitted Philadelphia Indemnity to reply and "provid[e] further detail as to why good cause exists for an extension to be granted." ECF 26. In that reply, Philadelphia Indemnity explained that "ongoing" settlement discussions, and "the complexity of the issues in this case[,]" delayed its propounding of discovery. ECF 27. With that context, the Court turns to Philadelphia Indemnity's motion.

Philadelphia Indemnity doesn't cite any authority in support of its motion. There are two possibilities under the Federal Rules of Civil Procedure: Rule 6(b) (as Dreamershop points to in its response), and Rule 16(b)(4). The distinction in some cases is consequential, because under Rule 6(b), a late-filed request requires not only a showing of "good cause" but also "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule 6(b) also requires a tardy request to be made in a "formal motion[,]" with "a high degree of formality and precision [to put] the opposing party on notice that a motion is at issue and that he therefore ought to respond." *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010) (cleaned up) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990)).[1]

---

[1] There is an open question about what rule applies here. *See, e.g.*, *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241 (E.D. Ky. 2018) (noting "the relationship between Rule 16 and Rule 6 is muddled" (collecting cases)). Some courts in this Circuit hold that a motion to re-open the discovery period—even if filed late, as it was here—falls under Rule 16. *See, e.g.*, *CollegeSource, Inc. v. AcademyOne, Inc.*, 597 F. App'x 116, 124 n.5 (3d Cir. 2015) ("[T]he primary relief sought was the reopening of the discovery period, which would have allowed CS to serve the newly discovered evidence and explore it further. That demand places the motion squarely within the

In the end, it doesn't matter which rule applies because the Court finds that "good cause"—something both rules require, *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 222 n.5 (3d Cir. 2014)—is absent.

The "'good cause' inquiry focuses on the moving party's burden to show due diligence." *Tracey v. Fabian*, No. 22-189, 2024 WL 665926, at *11 (W.D. Pa. Feb. 16, 2024) (Gibson, J.) (cleaned up). "Good cause" "is established when the party seeking the extension can show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension." *Bohnenkamp v. Whisterbarth*, No. 19-00115, 2022 WL 4236615, at *1 (W.D. Pa. Sept. 14, 2022) (Lanzillo, M.J.) (cleaned up). "Good cause" "is not a low threshold." *Tracey*, 2024 WL 665926, at *11 (cleaned up).

Initially, Philadelphia Indemnity didn't offer ***any*** reason for its decision to issue last-minute discovery requests. ECF 23. Only after the Court prodded it to elaborate did it explain that it wasn't able to propound discovery because of the "complexity of the issues" surrounding jurisdiction and "ongoing [settlement] discussions." ECF 27.

This falls far short. As to the complexity of discovery, the Court is familiar with the jurisdictional issues, and they are not complex. They concern Dreamershop's contacts with the forum—basically, how and where its products were shipped. In

---

ambit of Rule 16(b)."); *cf. Aikens v. Jefferson Cnty.*, No. 19-81, 2020 WL 1493495, at *2 n.3 (W.D. Pa. Mar. 27, 2020) (Bissoon, J.) ("Rule 6 governs the time periods set by the Federal Rules themselves, not by the Court. . . . Thus, the Rule 6 'excusable neglect' standard does not apply here."). Others say a *nunc pro tunc* motion, even relating to a discovery deadline, triggers Rule 6. *See, e.g.*, *Philbin v. Brett Dinovi & Assocs., LLC*, No. 21-20402, 2024 WL 1907192, at *1 (D.N.J. Jan. 10, 2024) ("[A]fter a deadline established by a scheduling order has expired, the higher 'excusable neglect' standard of Rule 6(b) applies, and not the lower 'good cause' standard of Rule 16(b)[.]").

fact, the discovery that was authorized was very limited for this reason—only ten requests for production, five interrogatories, and two depositions. No specific explanation has been given now by Philadelphia Indemnity as to how this type of discovery is complex, and how its purported complexity caused delay.[2]

As for settlement, while the Court encourages parties to settle, settlement negotiations don't excuse compliance with Court-ordered deadlines. *See Norton v. Midwest Airlines*, No. 05-3701, 2008 WL 89930, at *3 (D.N.J. Jan. 4, 2008) ("[T]he fact that plaintiffs hoped to settle the case is not a justification for their failure to comply with the Court's Scheduling Orders and the applicable Local Rules."); *accord PNHC, LLC v. N. Park Enters., LC*, No. 20-788, 2022 WL 6161278, at *4 (D. Utah Oct. 7, 2022) (decision to "disregard the fact discovery deadline in the hopes that mediation would be successful . . . is not compatible with a finding of diligence"); *Powerlift Door Consultants, Inc. v. Shepard*, No. 21-1316, 2022 WL 4466086, at *3 (D. Minn. Sept. 26, 2022) ("[T]he fact that Powerlift wanted to wait to see if settlement negotiations would be successful before proceeding with additional discovery, while a tactical decision, does not amount to diligence for the purposes of good cause under Rule 16."); *Kirkwood v. Inca Metal Prods. Corp.*, No. 04-0226, 2007 WL 2325222, at *2 (N.D. Tex. Aug. 13, 2007) ("Even if plaintiffs reasonably believed the case would settle, this does not excuse them from their duty to complete discovery by the deadline.").

---

[2] Regardless, the Court told Philadelphia Indemnity that it would have two months to complete discovery at the close of the March 18, 2025, oral argument; Philadelphia Indemnity didn't object to this schedule, despite its assertion that the "complexity of the issues in this case [were] discussed" then. ECF 27. And even if the case were complex, and this complexity wasn't immediately appreciated, Philadelphia Indemnity inexplicably waited until after discovery closed before finally asking the Court for additional time.

- 5 -

Further still, settlement apparently wasn't discussed in earnest until an April 15, 2025, meet and confer.  ECF 27.  So Philadelphia Indemnity did nothing for a month—half of the discovery period—and then still waited almost another month, until the eve of the deadline *to complete discovery*, before finally issuing requests.

It is thus clear to the Court that Philadelphia Indemnity didn't exercise any meaningful diligence in meeting the discovery deadline.  "Good cause" is therefore absent here.

\* \* \*

Accordingly, Philadelphia Indemnity's motion to extend the jurisdictional discovery deadline (ECF 23) is **DENIED**.

Dated: May 27, 2025

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge