IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY a/s/o WINCHESTER-THURSTON SCHOOL, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DREAMERSHOP TRADE LIMITED, | ) ) |
| Defendant. | ) |

2:24-cv-1569

## MEMORANDUM ORDER

Before the Court is Defendant Dreamershop Trade Limited's renewed motion to dismiss for lack of personal jurisdiction (ECF 30) Plaintiff Philadelphia Indemnity Insurance Company's amended complaint (ECF 7). The motion is fully briefed and ready for disposition. ECF 31, ECF 34, ECF 35. After careful consideration, for the reasons below, the Court will **GRANT** Dreamershop's motion.

## DISCUSSION & ANALYSIS

This case arises out of a September 21, 2023, fire at Pittsburgh, Pennsylvania-based Winchester-Thurston School, allegedly caused by a water distiller sold on Amazon.com by "ROVSUN," a trademark held by Defendant Dreamershop, a Hong Kong- and China-based entity. ECF 7, ¶¶ 8-10, 14, 18-19; ECF 11-1, ¶¶ 5-6; ECF 15-1. Winchester-Thurston sought insurance coverage from its carrier Philadelphia Indemnity, who then sued Dreamershop as Winchester-Thurston's subrogee. ECF 7, ¶¶ 20-22. Philadelphia Indemnity filed its complaint on November 15, 2024, bringing claims for product liability, negligence, strict liability, and breach of implied warranty, ECF 1, and amended that complaint once on January 15, 2025, ECF 7.

On January 28, 2025, Dreamershop moved to dismiss Philadelphia Indemnity's amended complaint for lack of personal jurisdiction. ECF 11. After

hearing argument, on March 18, 2025, the Court denied the motion and allowed the parties to conduct limited jurisdictional discovery before resolving the motion. ECF 22. During the discovery period, Philadelphia Indemnity did not end up taking any discovery. Instead, as discussed in a previous order by this Court, it waited until the discovery period had ended and then asked for a belated extension, citing no good reason for its delay. So the Court denied its *nunc-pro-tunc* request for a discovery extension. *Phila. Indem. Ins. Co. v. Dreamershop Trade Ltd.*, No. 24-1569, 2025 WL 1506236 (W.D. Pa. May 27, 2025) (Ranjan, J.). Dreamershop renewed its motion to dismiss for lack of personal jurisdiction, which is before the Court now. As set forth below, the Court agrees with Dreamershop, and will dismiss Philadelphia Indemnity's amended complaint.

"Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). Where, as here, a defendant challenges jurisdiction with evidence, a "plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (cleaned up). Dreamershop does that, by attaching the declaration of a sales manager in support of its motion to dismiss for lack of jurisdiction. ECF 11-1. As such, Philadelphia Indemnity can't defeat that motion by relying on its pleadings alone.[1]

---

[1] The Third Circuit has suggested that, once the motion is made, a plaintiff must establish jurisdiction, as a matter of course, through "actual proofs, not mere allegations." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction."); *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) ("In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." (cleaned up)). But some courts in this Circuit don't view those

In resolving a motion to dismiss for lack of jurisdiction, the Court has discretion over whether to hold an evidentiary hearing. *Pinto v. St. Paul Fire & Marine Ins. Co.*, 674 F. Supp. 3d 176, 181 (E.D. Pa. 2023). Without an evidentiary hearing, a "plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (cleaned up). Conversely, after an evidentiary hearing, a plaintiff must establish personal jurisdiction by a preponderance of the evidence—*i.e.*, a higher burden. *Consol. Rail Corp. v. Fondiaria SAI, S.P.A.*, No. 11-5416, 2020 WL 4284618, at *3 (E.D. Pa. July 27, 2020).

Here, the Court hasn't held an evidentiary hearing, and will not schedule one. Philadelphia Indemnity hasn't requested a hearing. And the Court sees no reason to conduct one, as there is no competing testimony to assess or anything that Philadelphia Indemnity points to in the Dreamershop declaration that could be misleading or false. *See, e.g.*, *Chaleplis v. Karloutsos*, 579 F. Supp. 3d 685, 700 (E.D.

---

cases as so restrictive. *See Dedicated Nursing Assocs., Inc. v. Buckeye Forest at Akron LLC*, No. 23-1597, 2024 WL 5046122, at *3 (W.D. Pa. Oct. 4, 2024) (Brown, M.J.) (explaining Rule 12(b)(2) motions involve a burden-shifting analysis, and a plaintiff must only respond in kind to a defendant's introduction of evidence), *report and recommendation adopted*, No. 23-1597, 2024 WL 5146147 (W.D. Pa. Dec. 17, 2024) (Conti, J.); *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 556 n.13 (M.D. Pa. 2009) (explaining "case law suggesting that plaintiff may not rely on the pleadings alone . . . misstates plaintiff's burden"); *UHS of Del., Inc. v. United Health Servs., Inc.*, No. 12-485, 2013 WL 12086321, at *4 n.1 (M.D. Pa. Mar. 26, 2013) (same). In any event, it doesn't matter here because Dreamershop supports its motion with a declaration, so Philadelphia Indemnity can't, under any interpretation, rest on the pleadings.

Pa. 2022) (declining to conduct hearing in the absence of any "significant factual disputes that would necessitate an evidentiary hearing").

While the parties do not request a hearing, Dreamershop argues that Philadelphia Indemnity should be held to the higher preponderance standard since the Court permitted a period of jurisdictional discovery. ECF 31, p. 2. The Court disagrees. "Though the Court acknowledges these circumstances, strictly speaking there has been no evidentiary hearing, so the Court will take [Philadelphia Indemnity's] allegations as true and require only a prima facie case, albeit one supported by allegations of reasonable particularity[,]" and evidence beyond the complaint. *Jaffer Reachout Found. v. Arabesque Inc.*, No. 12-7169, 2014 WL 5311312, at *3 (E.D. Pa. Oct. 17, 2014) (cleaned up); *see also Stoner v. Arts Uniq, Inc.*, No. 5-875, 2005 WL 2416124, at *1 (M.D. Pa. Sept. 30, 2005) ("The plaintiff need only make a prima facie showing of personal jurisdiction if there has been ***limited discovery*** or no evidentiary hearing." (emphasis added)); *Metcalfe*, 566 F.3d at 331 (considering affidavits and other documentary evidence in determining whether plaintiff met prima facie case).[2]

The Court turns now to the substantive principles of personal jurisdiction. Federal Rule of Civil Procedure "4(k)(1)(A) is the traditional source of personal jurisdiction in federal courts. Under Rule 4(k)(1)(A), [Philadelphia Indemnity's] service of a summons on [Dreamershop] established personal jurisdiction over

---

[2] In support for its position, Dreamershop cites *Grant Street Group, Inc. v. D & T Ventures, LLC*, No. 10-1095, 2012 WL 13689 (W.D. Pa. Jan. 4, 2012) (Ambrose, J.). *See id.* at *2 ("When the parties have conducted jurisdictional discovery, however, a plaintiff[']s burden of proof is by the preponderance of the evidence."). But *Grant Street Group* examined personal jurisdiction in the patent context, and so decisions of the Federal Circuit controlled the analysis. *Id.* at *2 n.1. Dreamershop doesn't direct the Court to any other authority that the same holds true here. Either way, as discussed below, the Court holds that Philadelphia Indemnity fails to meet even the lower prima facie standard.

[Dreamershop] to the extent it is 'subject to the jurisdiction' of Pennsylvania's courts." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 382 (3d Cir. 2022) (quoting Fed. R. Civ. P. 4(k)(1)(A)). "For a defendant to be 'subject to the jurisdiction' of a state court, the exercise of personal jurisdiction must be authorized by state law, such as by the state's long-arm statute, and must comport with the requirements of the Fourteenth Amendment." *Id.* at 382-83. "Pennsylvania's long-arm statute permits personal jurisdiction based on the most minimum contact with the Commonwealth allowed under the Constitution of the United States."[3] *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (cleaned up). So "[t]he statutory inquiry . . . merges with the constitutional one[,]" *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 257 (3d Cir. 2022), meaning "[f]ederal district courts in Pennsylvania can exercise personal jurisdiction over non-resident defendants to the constitutional limits of the due-process clause of the Fourteenth Amendment. [Under the Fourteenth Amendment, p]ersonal jurisdiction may be general or specific. [Philadelphia Indemnity] doesn't try to argue that the Court has general jurisdiction over [Dreamershop] (and the Court otherwise sees no basis for general jurisdiction), so the Court will focus only on whether it has specific jurisdiction[.]" *Thompkins v. Taiga Bldg. Prods., Ltd.*, No. 23-333, 2024 WL 665226, at *2 (W.D. Pa. Feb. 16, 2024) (Ranjan, J.) (cleaned up).

Philadelphia Indemnity implicates only one of the two tests for specific personal jurisdiction, the so-called "traditional" or "minimum contacts" test. *Hasson*, 114 F.4th at 186; ECF 34, pp. 2-3 (tailoring arguments to elements of traditional test). Under that test, the plaintiff must show: "(1) the defendant has purposefully directed its activities at the forum; (2) the litigation arises out of or relates to at least one of those activities; and (3) the exercise of jurisdiction otherwise satisfies fair play and substantial justice." *Thompkins*, 2024 WL 665226, at *2 (citing *D'Jamoos*, 566 F.3d

---

[3] *See* 42 Pa. C.S. § 5322.

at 102). Philadelphia Indemnity fails at the first element.

Philadelphia Indemnity argues that Dreamershop purposefully availed itself of Pennsylvania because Dreamershop owns the ROVSUN trademark, operates a website, offers its products for sale on that website, and then ships products to purchasers in Pennsylvania, as it did for Winchester-Thurston School. ECF 15, pp. 4-5; ECF 34, pp. 2-3. It's true, then, that Philadelphia Indemnity premises personal jurisdiction on something more than "the mere operation of a commercially interactive web site[,]" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003), or even plaintiff-generated test buys to the forum state, both of which are insufficient. *See Forcel Media Ltd. v. DecYI*, No. 25-750, 2025 WL 1665586, at *2 (W.D. Pa. June 12, 2025) (Ranjan, J.) (holding no personal jurisdiction where no sales to Pennsylvania, and explaining that test buys wouldn't count). Instead, Philadelphia Indemnity alleges and offers documentary evidence that—consistent with Dreamershop's own declaration—Dreamershop sold the water distiller at issue through an arm's-length transaction to Pennsylvania. ECF 7, ¶¶ 8-9; ECF 7-1; ECF 11-1.

Yet, that's only one sale, and the Supreme Court "has strongly suggested that a single sale of a product in a State does not constitute an adequate basis for asserting jurisdiction over an out-of-state defendant[.]" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 888 (2011) (Breyer, J., concurring); *see also Nifty Home Prods. Inc. v. Ladynana US*, No. 23-1332, 2024 WL 4987245, at *3 (3d Cir. Dec. 5, 2024) ("[D]efendants have made at least a colorable argument that these single transactions, standing alone, were insufficient to demonstrate purposeful availment."). How many sales are necessary? At least one court in this Circuit has held that even seven sales aren't enough. *See Flipside Wallets LLC v. Brafman Grp. Inc.*, No. 19-5356, 2020 WL 1330742, at *3 (E.D. Pa. Mar. 19, 2020). But even if that is too stringent, all that Philadelphia Indemnity presents is its single sale. And while

Philadelphia Indemnity had the chance to develop evidence about whether Dreamershop made other Pennsylvania sales, it failed to timely engage in jurisdictional discovery, so that opportunity has closed.

The Court thus holds that Philadelphia Indemnity has failed to establish a prima facie case of personal jurisdiction.[4] Philadelphia Indemnity cites two cases in support of its argument, but neither changes that outcome. In *Xie v. GUANHE Home essentials*, the Court concluded (under a standard applicable to preliminary injunctive relief) that there was a reasonable probability personal jurisdiction existed for defendants who didn't participate in the proceedings, because the Court took as true the plaintiff's allegations of Pennsylvania sales. No. 25-265, 2025 WL 1039233, at *3 (W.D. Pa. Apr. 8, 2025) (Hornak, C.J.). But here, Dreamershop challenged jurisdiction with a declaration, so the Court doesn't credit Philadelphia Indemnity's allegations of Pennsylvania sales beyond the one made to Winchester-Thurston School. ECF 7, ¶¶ 11-12. Likewise, in *Chen v. Adediy,* another member of this Court held that minimum contacts existed through sales to Pennsylvania via online storefronts. No. 24-1516, 2025 WL 1146534, at *3 n.2 (W.D. Pa. Mar. 5, 2025) (Stickman, J.). *Chen* is not persuasive, however, because this conclusion was in a footnote without further discussion or context.[5]

* * *

---

[4] Philadelphia Indemnity alleges that, in addition to the Amazon storefront, Dreamershop operates a standalone website and Facebook page. ECF 7, ¶¶ 16-17. But Philadelphia Indemnity doesn't offer any evidence of Pennsylvania sales from those sources, so they don't influence the analysis here.

[5] Both of these cases are so-called "Schedule A" cases—which is another reason the Court finds them to be less persuasive. As this Court has observed, these Schedule A cases have improperly distorted many traditional rules and requirements, including the law of personal jurisdiction. *See, e.g.*, *In re "Schedule A" Cases*, No. 25-926, 2025 WL 1906814, at *1 (W.D. Pa. July 10, 2025) (Ranjan, J.) (discussing modifications to traditional rules in Schedule A cases).

- 8 -

As the Court said when it ordered jurisdictional discovery, this is a close call. Maybe discovery would have revealed the necessary evidence, but Philadelphia Indemnity chose to forgo that opportunity. Accordingly, for the above reasons, the Court **GRANTS** Dreamershop's renewed motion to dismiss for lack of personal jurisdiction (ECF 30), and dismisses Philadelphia Indemnity's amended complaint (ECF 7). This dismissal is without prejudice to Philadelphia Indemnity to file its complaint in a court that has personal jurisdiction over Dreamershop. The Clerk of this Court shall mark this case as **CLOSED**.

Date: August 8, 2025

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge